GREGORY EVANS (SBN 147623)
ALUYAH IMOISILI (SBN 245572)
MILBANK, TWEED, HADLEY & M^CLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017-5735
Telephone:   (213) 892-4000
Facsimile:    (213) 629-5063
gevans@milbank.com

*Attorneys for Plaintiff ASARCO LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ASARCO LLC, a limited liability company, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and DOES 1 through 50, Inclusive, | |
| Defendants. | |

COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, ASARCO LLC ("ASARCO"[1]), by and through its undersigned counsel, hereby files this Complaint and alleges the following upon information and belief:

## I.   INTRODUCTION

1. Defendants, the United States Department of Agriculture (the "USDA"), the United States Forest Service (the "USFS"), and the United States Environmental Protection Agency (the "EPA") seek to hold ASARCO liable under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675 ("CERCLA"), for environmental contamination at the Blue Ledge Mine site ("Blue Ledge Mine"), a former mine site within Rogue River National Forest in Syskiyou County, California.

2. Defendants allege that ASARCO is liable under CERCLA for an amount in excess of $33.6 million for natural resource damages and response costs incurred, and projected to be incurred, by the United States (plus interest). According to Defendants, ASARCO was allegedly a successor in interest to owners or operators of portions of Blue Ledge Mine at the time of disposal of the hazardous substances, and thus is liable to the same extent as those predecessor owners or operators.

3. But Defendants are simply mistaken. ASARCO was never an "owner" or "operator" of Blue Ledge Mine, pursuant to CERCLA, at any time. Neither did ASARCO become an owner or operator by succeeding to the liabilities of an owner or operator of Blue Ledge Mine.

4. At best, ASARCO provided financing to the parent corporation of a subsidiary corporation that owned and operated Blue Ledge Mine in 1923. However, ASARCO did not at any time obtain a direct ownership interest in Blue Ledge Mine, or manage, direct, or conduct the mining operations that occurred at the mine site. Also, ASARCO did not at any time succeed to the liabilities of the parent or subsidiary entities that actually owned and operated Blue Ledge Mine. Consequently, ASARCO seeks a declaration from this Court that ASARCO is not liable under CERCLA to Defendants for any alleged environmental contamination at Blue Ledge Mine.

---

[1] As used herein, ASARCO refers to ASARCO LLC and its predecessor entity the American Smelting and Refining Company, a New Jersey corporation.

-1-                                        COMPLAINT FOR DECLARATORY RELIEF

5. While ASARCO was a chapter 11 debtor in Case No. 05-21207 in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (the "Bankruptcy Court"), Defendants attempted to pursue their incorrect allegations of CERCLA liability in respect of the Blue Ledge Mine by filing a proof of claim (the "Claim") in ASARCO's chapter 11 case alleging such CERCLA liability. However, Defendants filed their Claim sixteen months after the deadline set by the Bankruptcy Court in ASARCO's chapter 11 case for filing proofs of claim. Under 11 U.S.C. § 502(b)(9), Federal Rules of Bankruptcy Procedure 3003(c)(2) and 3003(c)(3), and the Bankruptcy Court's order establishing the deadline, ASARCO is not liable for late-filed claims unless allowable under applicable law. Consequently, ASARCO also seeks a declaration from this Court that Defendants are barred from seeking any recovery against ASARCO in respect of Blue Ledge Mine because Defendants failed to pursue their Claim timely in ASARCO's bankruptcy case.

## II.  NATURE OF THE ACTION

6. This is an action for declaratory relief, which asks the Court to determine that ASARCO is not liable in any amount to Defendants for alleged environmental contamination at Blue Ledge Mine pursuant to CERCLA because ASARCO was never an owner or operator of the Blue Ledge Mine and is not and never was a successor to any such owner or operator of Blue Ledge Mine.

7. Under ASARCO Incorporated and Americas Mining Corporation's Seventh Amended Plan of Reorganization for the Debtors under Chapter 11 of the United States Bankruptcy Code, as Modified on August 20, 23, and 27, 2009 (the "Plan"), that was confirmed in the chapter 11 case by order of the United States District Court for the Southern District of Texas, Brownsville Division entered on November 13, 2009 (as subsequently amended by order entered on December 3, 2009, the "District Court Order"), and that was consummated on and became effective as of December 9, 2009, claims that are contingent, unliquidated, unmatured or otherwise disputed may be litigated in any court of competent jurisdiction: "Reorganized ASARCO and the Parent's Plan Administrator shall have the right to litigate any Disputed Claim

either in the Bankruptcy Court or in any court of competent jurisdiction." (Plan, Article 14.1; *see also* District Court Order at 123, ¶ 118.)

8. ASARCO also asks the Court to determine that Defendants may not recover on their Claim because the Claim was filed too late and was discharged under the Plan. Defendants filed the Claim on December 13, 2007—sixteen months after the August 1, 2006 proof of claim deadline (the "Bar Date") set by the Bankruptcy Court. Under 11 U.S.C. § 502(b)(9), Federal Rules of Bankruptcy Procedure 3003(c)(2) and 3003(c)(3), and the Bankruptcy Court's order setting the Bar Date, late-filed claims are deemed disallowed and barred from receiving any distribution from ASARCO's bankruptcy estate. Under the Plan, late-filed claims that otherwise would be discharged pursuant to the foregoing may receive a distribution from ASARCO's bankruptcy estate only if such late filing is authorized upon a showing of excusable neglect, and only in such amount as may be allowed upon resolution of any timely-filed objection.

### III. JURISDICTION AND VENUE

9. This Court has original jurisdiction over the subject matter of this action under (i) 28 U.S.C. § 1331, in that it is a civil action arising under the laws of the United States, including 28 U.S.C. §§ 2201 and 2202 and CERCLA, and (ii) 28 U.S.C. § 1346, in that the United States is a defendant.

10. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(e), in that the United States is a defendant and a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the property that is subject of the action is situated within this District. The Claim arose out of alleged releases or threats of releases of hazardous substances at or from Blue Ledge Mine in Siskiyou County, California—located within this judicial District.

## IV.   THE PARTIES

11.   Plaintiff ASARCO is a limited liability company organized under the laws of the State of Delaware. ASARCO is the successor to the American Smelting and Refining Company, a New Jersey corporation that engaged in diverse smelting, refining, and mining operations throughout the United States.

12.   Defendant USDA is the federal agency responsible for protecting natural resources on behalf of the United States.

13.   Defendant USFS is an agency within the USDA. USFS is responsible for administrating and managing portions of Blue Ledge Mine on behalf of the United States.

14.   Defendant EPA is the federal agency responsible for enforcing environmental laws on behalf of the United States.

15.   Defendants DOES 1 through 50, Inclusive, respectively are now, and at all times mentioned in this Complaint were, persons, partnerships, corporations, and entities who are, or were, responsible for, or in some way contributed to, the violations or actions which are the subject of this Complaint, or are, or were, responsible for the maintenance, supervision, management, operation, or insurance coverage of Blue Ledge Mine and its operations. The names, identities, capacities, and functions of Defendants named herein as DOES 1 through 50, Inclusive, are presently unknown to ASARCO, which shall seek leave of Court to amend this Complaint to insert the true names of said DOES Defendants when the same have been ascertained.

## V.   FACTUAL BACKGROUND

**A.   ASARCO Never Owned or Operated Blue Ledge Mine**

16.   Blue Ledge Mine is located in the Siskiyou Mountains in Siskiyou County, California—about three miles south of the California-Oregon border. It is situated within Rogue River National Forest, near Joe Creek, a stream within the Upper Applegate Watershed.

17.   In 1898, local miners discovered copper-zinc sulfide deposits at Blue Ledge Mine. In 1902, L.F. Cooper, William H. Hamilton, and others of Crescent City established ownership of Blue Ledge Mine. In 1904, J. R. Allen and Associates, of New York, purchased

Blue Ledge Mine from L.F. Cooper, et al.  ASARCO was not, and did not become, an owner or operator of Blue Ledge Mine during this period.

18. In 1905, Robert S. Towne, the president and owner of Compania Metalurgica Mexicana ("CMM"), purchased Blue Ledge Mine from J.R. Allen and Associates.  Blue Ledge Mine was substantially expanded, developed, and explored between 1904 and 1909.  ASARCO was not, and did not become, an owner or operator of Blue Ledge Mine during this period.

19. In 1912, Mr. Towne patented the Blue Ledge Mine mining claims and transferred the claims to CMM.  In 1913, Mr. Towne transferred ownership of Blue Ledge Mine to Mexican Smelting and Refining Company ("MSRC"), a subsidiary of CMM.  That same year, CMM transferred the Blue Ledge Mine mining claims to MSRC.

20. Other than these changes in ownership, Blue Ledge Mine was inactive between 1909 and 1916, and no mining occurred.  Mr. Towne died in 1916.  Active mining of Blue Ledge Mine began in 1917.  ASARCO was not, and did not become, an owner or operator of Blue Ledge Mine during this period.

21. Between 1917 and 1920, under MSRC's ownership and control, Blue Ledge Mine produced over 8,000 tons of ore for shipping and smelting off-site.  ASARCO was not, and did not become, an owner or operator of Blue Ledge Mine during this period.

22. In 1920, mining operations ceased at Blue Ledge Mine, and no operations were conducted between 1920 and 1923.  ASARCO was not, and did not become, an owner or operator of Blue Ledge Mine during this period.

23. By 1923, as a result Mr. Towne's death, the Mexican Revolution, and the volatility in metals prices, CMM and its subsidiaries were facing financial difficulties.

24. Hence, in 1923, CMM entered into a financing agreement with ASARCO, whereby ASARCO provided working capital and debt financing, in exchange for, *inter alia*, a 30% equity stake in CMM's stock, a substantial amount of CMM interest-bearing debentures, 25% of profits from managing CMM's properties with a $1.25 per ton maximum, and a 60% equity interest in a number of Towne-affiliated mines (although Towne affiliates held title to those properties).  Townes Mines Corp. held a 70% equity stake in CMM's stock.

1  25. MSRC remained the owner and operator of Blue Ledge Mine, and retained the mining claims. As a result of the 1923 financing transaction, the ownership structure of Blue Ledge was as follows:



26. ASARCO was not, and did not become, an owner or operator of Blue Ledge Mine as a result of the 1923 transaction or at any time. Moreover, ASARCO did not assume MSRC's or CMM's liabilities as a result of the 1923 transaction or at any time.

27. In any event, no mining operations occurred at Blue Ledge Mine between 1923 and 1929, and as discussed below, mining operations resumed later only through third parties—wholly unrelated to MSRC, CMM, or ASARCO—who leased and took over operations at Blue Ledge Mine in 1930.

28. In 1930, Dr. J.F. Reddy of Medford, Oregon, and George Hughes of Spokane, Washington took over the operation of Blue Ledge Mine pursuant to a bond and lease arrangement. ASARCO was not, and did not become, an owner or operator of Blue Ledge Mine during this period.

29.     In 1950, Blue Ledge closed all operations. In 1956, Transcontinental Resources, Limited ("Transcontinental"), a Canadian corporation, purchased Blue Ledge from MSRC and MSRC granted it the mining claims. ASARCO was not, and did not become, an owner or operator of Blue Ledge Mine during this period.

30.     Subsequent to the 1956 transfer to Transcontinental, ownership and management of Blue Ledge Mine was transferred between several parties, none of which were ASARCO.

31.     In addition, subsequent to the 1956 transfer MSRC (and any of its parent companies) did not regain ownership, control, or management of Blue Ledge Mine, or conduct any operations whatsoever at the site.

32.     In short, ASARCO never had any owner or operator involvement in Blue Ledge Mine.

**B.     The Claim is Late and Should be Discharged**

33.     In 2005, ASARCO and its subsidiaries filed voluntary petitions for protection under chapter 11 of title 11 of the U.S. Code.

34.     11 U.S.C. § 502(b)(9) provides in pertinent part:

> If [an] objection to a claim is made, the court […] shall determine the amount of such claim […] and shall allow such claim in such amount, except to the extent that […] proof of such claim is not timely filed […].

11 U.S.C. § 502(b)(9).

35.     Federal Rules of Bankruptcy Procedure 3003(c)(2) and 3003(c)(3) govern the timeliness of proofs of claim and provide that:

> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for purposes of voting and distribution. […].

> The Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

Fed. R. Bankr. P. 3003(c)(2)-(3).

36.     On April 28, 2006, the Bankruptcy Court entered an order establishing August 1, 2006 as the general bar date for filing proofs of claim (the "Bar Date Order"). The Bar Date Order stated unequivocally that a creditor's failure to file a timely proof of claim would result in the discharge of that claim:

> Any holder of a Claim against the Debtors who is required, but fails, to file a Proof of Claim for such Claim on or before the applicable Bar Date in accordance with the provisions of this Bar Date Order and to the fullest extent allowed by law: (i) shall be forever barred, estopped, and joined from asserting such Claim against the Debtors or their property (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim; (ii) shall not be permitted to vote on any plan of reorganization or participate in any distribution in the Reorganization Cases on account of such Claim; and (iii) shall not be entitled to receive further notices regarding such Claim.

(Bar Date Order at 9, ¶ 30.)

37.     Despite being fully aware of the nature of the Claim for many years prior to imposition of the Bar Date, Defendants—without excuse or explanation—failed to file a proof of claim concerning Blue Ledge Mine before the Bar Date. Although Defendants filed several other proofs of claim in the Bankruptcy Court before the Bar Date, Defendants waited over sixteen months past the Bar Date deadline to file the Claim.

38.     On December 13, 2007, Defendants filed the Claim, seeking between $9,637,043.01 and $25,637,043.01 for estimated response costs incurred, and projected to be incurred, by Defendants, pursuant to CERCLA, in response to alleged releases and threatened releases of hazardous substances (plus interest), in addition to an unspecified, unliquidated amount for natural resource damages. Defendants now assert that the natural resource damages total between $8 million and $10 million.

39.     On December 9, 2009, the Plan became effective and all undisputed and allowed claims were paid. As to then unresolved and disputed claims, the Plan provides, in pertinent part, that (i) late-filed claims shall be paid but only if allowed upon a showing of excusable neglect and only in such amounts as may be allowed after resolution of any disputes, and (ii) "Reorganized ASARCO and the Parent's Plan Administrator shall have the right to litigate any Disputed Claim either in the Bankruptcy Court or in any court of competent

jurisdiction." (Plan, Article 14.1.) The District Court Order contains a comparable provision. (*See* District Court Order at 123, ¶ 118.)

## VI. CLAIM FOR RELIEF

**(Declaratory Relief Pursuant to 28 U.S.C. §§ 2201 and 2202 Against all Defendants)**

40. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 to 39 above as though fully set forth herein.

41. An actual controversy exists within the jurisdiction of this Court. Defendants are pursuing the Claim against ASARCO based on mining operations that occurred at Blue Ledge Mine in Siskiyou County, California, which Defendants purport caused natural resource damage within this district, necessitating substantial remedial measures as a result of alleged or threatened releases of hazardous substances that Defendants allege mistakenly that ASARCO is responsible for.

42. This Court has independent subject matter jurisdiction over this claim because (i) the entirety of the claim arises under federal law pursuant to 28 U.S.C. § 1331, in that it is a civil action arising under the laws of the United States, including 28 U.S.C. §§ 2201 and 2202 and CERCLA, and (ii) the United States is a defendant under 28 U.S.C. § 1346.

43. ASARCO is not liable for any amounts sought via the Claim because Defendants cannot meet their burden of showing, under CERCLA, that ASARCO was an owner or operator of Blue Ledge Mine at any time.

44. Section 107(a) of CERCLA provides in pertinent part:

> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of […]
>
> (4) […] shall be liable for—
>
> (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;
>
> (B) any other necessary costs of response incurred by any person consistent with the national contingency plan […].

42 U.S.C. § 9607(a).

45. Defendants' Claim bases ASARCO's liability wholly on subsection (2) above—*i.e.*, that ASARCO was an owner or operator of Blue Ledge Mine at the time that hazardous substances were disposed of, or that ASARCO was a successor in interest to a prior owner or operator of Blue Ledge Mine.

46. However, ASARCO was not, and did not become, an owner of Blue Ledge Mine at any time. ASARCO did not manage, direct, or conduct mining operations at Blue Ledge Mine, or have any operator involvement during the periods that mining activity occurred at Blue Ledge Mine. In addition, ASARCO did not at any time succeed to the liabilities of an entity that was an owner or operator of Blue Mine Ledge Mine.

47. Therefore, ASARCO is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that is not liable to Defendants for any amounts on account of the Claim.

48. Moreover, the Claim is untimely. 11 U.S.C. § 502(b)(9) provides that untimely proofs of claim shall not be allowed:

> If [an] objection to a claim is made, the court […] shall determine the amount of such claim […] and shall allow such claim in such amount, except to the extent that […] proof of such claim is not timely filed […].

11 U.S.C. § 502(b)(9).

49. Federal Rules of Bankruptcy Procedure 3003(c)(2) and 3003(c)(3), governing the timeliness of proofs of claims, disqualify from distribution an untimely filed proof of claim:

> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for purposes of voting and distribution. […].

Fed. R. Bankr. P. 3003(c)(2)-(3).

50. Defendants filed the Claim on December 13, 2007—over sixteen months after the August 1, 2006 Bar Date set by the Bankruptcy Court under the Bar Date Order, which discharges all claims filed after the Bar Date:

> Any holder of a Claim against the Debtors who is required, but fails, to file a Proof of Claim for such Claim on or before the applicable Bar Date in accordance with the provisions of this Bar Date Order and to the fullest extent allowed by law: (i) shall be forever barred, estopped, and joined from asserting such Claim against the Debtors or their property (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim; (ii) shall not be permitted to vote on any plan of reorganization or participate in any distribution in the Reorganization Cases on account of such Claim; and (iii) shall not be entitled to receive further notices regarding such Claim.

(Bar Date Order at 9, ¶ 30.)

51. Because the Claim violates the provisos of the Bar Date Order, and because there has been and can be no showing of excusable neglect for the untimely filing, the Claim must be dismissed.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, ASARCO respectfully requests that judgment be entered in its favor and against Defendants as follows:

1. For a Judgment declaring that ASARCO is not liable to Defendants for any amounts on account of the Claim;

2. Awarding ASARCO its costs of suit herein and reasonable attorneys' fees; and

3. Granting such additional and further relief that the Court deems just and proper.

Dated: April 5, 2010                MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP


By:     /s/ Gregory Evans
        Gregory Evans

*Attorneys for Plaintiff ASARCO LLC*

-11-                                COMPLAINT FOR DECLARATORY RELIEF